IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

```
JAMES R. WARD,                    :
                                  :
    Plaintiff,                    :
                                  :
v.                                :         CIVIL ACTION 05-0663-M
                                  :
JO ANNE B. BARNHART,              :
Commissioner of                   :
Social Security,                  :
                                  :
    Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 22).  Oral argument was waived in this action (Doc. 24).  Upon consideration of the administrative record and the memoranda of the parties, it is **ORDERED** that the decision of the Commissioner be **AFFIRMED** and that this action be **DISMISSED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born November 24, 1964. At the time of the most recent administrative hearing, Ward was thirty-eight years old, had completed a sixth-grade education (Tr. 232), and had previous work experience as a manual laborer, tree trimmer, boat deck hand, and air conditioner worker (Tr. 234, 237). In claiming benefits, Plaintiff alleges disability due to hepatitis C, high blood pressure, and chronic obstructive pulmonary disease (Tr. 235, 242).

The Plaintiff filed applications for disability benefits and SSI on August 29, 2002 (Tr. 61-63, 214-17). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform his past relevant work, Ward was able to perform light work, naming a significant number of jobs that were available in the national economy (Tr. 12-25). Plaintiff requested review of the hearing decision (Tr. 11) by the Appeals Council, but it was denied (Tr. 6-8).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence.  Specifically, Ward alleges that:  (1) The ALJ failed to evaluate the testimony of Plaintiff's mother; and (2) the ALJ improperly found that Ward's testimony was not credible (Doc. 14).  Defendant has responded to—and denies—these claims (Doc. 17).

Plaintiff's first claim is that the ALJ failed to evaluate his mother's testimony.  The ALJ is required to "state specifically the weight accorded to each item of evidence and why he reached that decision."  *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

Ward's mother, Kate Robertson, testified that her son lived across the street from her and that she spends time with him everyday (Tr. 254-57).  She stated that, on the previous Monday, Ward had a coughing bout and coughed up enough blood to soak two paper towels; Robertson further stated that he coughs up blood two or three times a week.  She also stated that he has coughing bouts where he does not cough up any blood.  Robertson also testified that Ward fatigued very easily; for example, after vacuuming for fifteen minutes at her home, he had to stop and rest.  The witness testified that Plaintiff still smoked occasionally and that she had not seen him drink.

The ALJ reported this testimony (Tr. 21) but did not state what, if any, evidentiary weight he was assigning it.  The Court

finds, though, that this is, at most, harmless error as her testimony is either contradicted or repetitive of other evidence in the record.  Specifically, Ward's own testimony was that he had coughed up blood, but that it was rare—only five times that year (Tr. 248).  Additionally, the record is replete with evidence, including Plaintiff's testimony, that he had had an alcohol problem for years (*see, e.g.*, Tr. 253-254).  Robertson's testimony that Ward had cut back on his smoking and fatigued easily was provided by Plaintiff himself, so it added no new evidence to the record.  Though the ALJ did not state what value he placed on Robertson's testimony, it was only harmless error.

Ward's second claim is that the the ALJ improperly found that his testimony was not credible.  More specifically, Plaintiff claims that his testimony was discounted "on the basis of Plaintiff's limited daily activities" (Doc. 14, p. 19).

The ALJ's findings regarding Plaintiff's credibility, though lengthy, is as follows:

> The undersigned did not find the claimant's testimony that he is unable to work credible.  The claimant has reported and testified that he engaged in a wide range of household chores, including mopping and cooking and the claimant sought medical treatment after he "hit" his left hand while cutting meat.  It appears that he also goes to his mother's residence and helps her with her household chores, according to her testimony that she asked him to vacuum her rug.  The evidence also shows that the claimant has performed tasks as an auto

mechanic as recently as May 2003, which led to him injuring his hand.  Therefore, the claimant engages in a wide range of activities, some which appear to exceed light work requirements.  The claimant testified that he "coughs up blood" about every six weeks and reported that he cannot work because he cannot breath [sic], yet he continues to smoke, which is contradictory.  The claimant testified that he sleeps only two hours a night and takes two fifteen minutes naps daily and this testimony is not credible.  The claimant reported to an examining psychologist that his sleep was variable due to his history of working on boats and not being able to sleep for long while working.  Yet, the claimant reported on his daily activities questionnaire that he has trouble sleeping due to pain in his back and side.  The claimant testified that he has back and hip pain but has sought little medical treatment for any pain and takes no medications.  His examinations have been negative with full range of motion of all joints.  The claimant's testimony that he can walk only 162 feet before he has to rest and his testimony that he can stand only 10 to 15 minutes is inconsistent with his activities of mopping, cooking, and working on truck engines.  The claimant testified that sitting causes back pain yet he described many sedentary activities that he engages in like watching television for two hours at a time and reading for 45 minutes at a time.  The claimant reported that he can remember what he has read and can remember the programs he watches on television so his pain is not so severe as to be distracting to any of the activities, like working on automobile engines or reading, even though he reported that he "can't afford pain medication.["] The claimant leaves his home four times weekly to go shopping and visiting with family and friends and reported that three times a week, he sits and visits, watches television or plays cards with family or friends.  For these reasons, his allegations, reports to others, and his testimony are full

>    of inconsistencies and are not supported by
>    the medical evidence.

Tr. 21-22 (citations omitted).

Plaintiff first objects to the ALJ's statement that Ward engaged in a wide range of activities (Doc. 14, p. 19; *cf.* Tr. 21). Specifically, the ALJ listed activities which Ward stated that he had performed which include mopping and cooking; Plaintiff never admitted to being able to mop (Doc. 14, p. 19). Ward's assertion appears to be true. Although Ward stated that he tried to keep to keep the house clean for the woman he lived with, he did not specifically state that he did any mopping (*see* Tr. 240).

Plaintiff also objects to the ALJ's saying that it appears that Ward helped his mother with household chores because he vacuumed one of her small rugs once (Doc. 14, pp. 19-20; *cf.* Tr. 21). The record would seem to reflect that Plaintiff only helped his mother once with household chores and that he got fatigued doing that (*see* Tr. 256).

Ward next objects that the ALJ indicated that Plaintiff had performed tasks as an automobile mechanic within the considered period of time (Doc. 14, pp. 20-21; *cf.* Tr. 21). The medical evidence does demonstrate that Ward hurt his hand while working on a truck engine (Tr. 201).

With the exception of the mopping, the evidence of record

demonstrates that Plaintiff has engaged in cooking, activities consistent with keeping a house clean, vacuuming, and working on a truck engine.  The ALJ's decision reflects that.  Though this Court cannot say whether these different things constitute a *wide* range of activities or not, it is undisputed that Ward has done them.

More to the point, though, the Court's understanding of Plaintiff's argument with regard to these matters is more a matter of degree than as to whether he actually engaged in the activities or not.  In other words, Ward reads the ALJ's decision as indicating that he engaged in these activities on a regular and continual basis.  For example, Plaintiff objects to the ALJ's statement that he "leaves his home four times weekly to go shopping and visiting with family and friends and reported three times a week, he sits and visits, watches television or plays cards with family and friends" (Doc. 14, pp. 22) (quoting Tr. 22).  Ward suggests that the ALJ is considering this to be seven "out of the house" experiences weekly, while it is only really four.

The evidence shows that Plaintiff completed a form for the Social Security Administration which stated that he left the home four times weekly which included shopping and visiting with family and friends; not half-a-page later, Ward stated that he visits with family and friends three times a week (Tr. 117).  The

7

Court understands this to mean that Ward leaves the house a total of four times a week.  The Court reads no insinuations into the ALJ's statements and finds that the language, though maybe not as clearly stated as possible, reflects the evidence of record.  While the ALJ stated that Plaintiff engaged in the various activities set out above, the Court does not understand the ALJ to state how often they are being performed.

Finally,[1] Plaintiff disagrees with the ALJ's finding that Ward's statement that he can stand for only 10-15 minutes is inconsistent with cooking and working on truck engines (Doc. 14, pp. 21-22; *cf.* Tr. 22).  Plaintiff cites case law holding that a claimant's participation in every day activities for short periods of time does not preclude an award of benefits (Doc. 14, pp. 22-25).

The Court is aware of the cited cases, but finds them inapplicable to the facts presented here.  Initially, the Court notes that Plaintiff has not argued that the ALJ erred in finding inconsistency in his reporting his smoking or drinking behaviors, his lack of sleep and explanations therefor, and his statements of limiting pain although medical evidence finds that he has full range of motion (*see* Tr. 22).  Furthermore, Ward does not object

---

[1]Plaintiff also took exception to the ALJ's stating that some of these activities exceeded light work requirements (Doc. 14, p. 21; *cf.* Tr. 22).  The Court finds this concern of no moment in light of the ALJ's finding that Ward can perform less than a full range of light work (Tr. 25, ¶ 12).

to the medical evidence which indicates that he is capable of working (*see, e.g.*, Tr. 184-97).  And finally, Plaintiff does not object to the testimony of the vocational expert who listed specific jobs he could perform given the available medical evidence (*see* Tr. 257-61).  In short, Plaintiff's objections to the ALJ's findings do not sway this Court to believe that the ALJ has totally mischaracterized Ward's abilities.  The Court finds that the ALJ's determination that Plaintiff's statements of limitation are not credible is supported by substantial evidence.

Plaintiff has raised two claims.  Both are without merit.  Upon consideration of the entire record, the Court finds "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Perales*, 402 U.S. at 401.  Therefore, it is **ORDERED** that the Secretary's decision be **AFFIRMED**, *see Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir. 1980), and that this action be **DISMISSED**.  Judgment will be entered by separate order.

DONE this 19th day of July, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE